UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA FOSTER, *Pro Se*, | ) | Case No.: 1: 25 CV 836 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MID ATLANTIC DINERS, LLC, | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendant | ) | <u>AND ORDER</u> |
| | ) | |

**Background**

*Pro Se* Plaintiff Sheila Foster has filed a complaint in this case against Mid Atlantic Diners, LLC. (Doc. No. 1-2.) In her complaint, Plaintiff alleges that on November 20, 2024, she arrived at a Denny's restaurant at 6100 Rockside Road to have breakfast with a friend, "and upon entry into the establishment she was denied service, she was yelled at and told to get out." (*Id*. at 2.)

She states she was threatened by management when she "questioned why" and told the police would be called. (*Id*.) She states that she is a cardiac patient who had recently been released for atrial fibrillation, did not understand what was happening or why she was being publicly humiliated and denied service, and that she called the police for assistance and when she began experiencing an irregular heartbeat. (*Id*.) She states that when the police arrived, the manager of the restaurant told the police she did not want Plaintiff in the restaurant and had the right to pick and chose who eats there. (*Id*.)

Plaintiff's complaint is captioned as a complaint for "violation of Title III [of the] ADA"

(Americans with Disabilities Act) for "[d]iscrimination based on race, age, and disability." (*Id*. at 1.) The relief she seeks is "compensation" ($25,000.00) "for the denial of a public accommodation and for the violation of her civil rights." (*Id*.)

Defendant removed the action to federal court and filed a motion to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. (Doc. No. 4.) In its motion, Defendant contends that Plaintiff's complaint must be dismissed because Title III of the Americans with Disabilities Act, the only statute mentioned in her complaint, provides for injunctive and declaratory relief, not for monetary damages or protection from any form of discrimination other than disability. And Defendant contends that even if Plaintiff's complaint were broadly read to assert claims for discrimination under Title II of the Civil Rights Act, which prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation, Title II, like Title III of the ADA, also allows only for injunctive relief and not monetary damages as Plaintiff seeks. Further, Defendant contends Plaintiff has not alleged facts sufficient to indicate that the actions of which she complains were related to her membership in any protected class in any case, or facts warranting an award of injunctive relief.

Plaintiff has responded to the motion. (Doc. Nos. 5 and 7.) In her briefs, Plaintiff reiterates her demand for damages and states she is a disabled, African American, heterosexual, female, senior citizen and that she was discriminated against for "one or all of the above reasons" because there is no other explanation for the treatment she received. (Doc. No. 7 at 2.) She also sets forth additional allegations in her briefs not alleged in her complaint, apparently pertaining to a prior incident she had at the restaurant, where a white waitress stepped on her foot after Plaintiff complained about being served coffee in a dirty cup. According to Plaintiff, the waitress told her "your feet shouldn't

2

be so big," which Plaintiff contends was a "racial microaggression trope." (Doc. No. 7 at 1.)

**Standard of Review and Discussion**

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Further, while pleadings and documents filed by *pro se* litigants are generally construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**Discussion**

Upon review of the parties' briefs, the Court agrees with Defendant that Plaintiff's complaint warrants dismissal for failure to state a claim. Even liberally construed, the complaint fails to state

a plausible claim for the reasons Defendant states in its motion.

As Defendant demonstrates, Title III of the ADA and Title II of the Civil Rights Act pertaining to discrimination in places of public accommodation do not provide private causes of action for monetary damages, which is the relief Plaintiff seeks here. *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *Davis v. Flexman*, 109 F. Supp.2d 776, 783 (S.D. Ohio 1999) ("Unlike actions initiated by the Attorney General, when a private party alleges violations of Title III of the ADA, he or she may receive only injunctive relief, not damages."). Dismissal is appropriate when a plaintiff seeks monetary damages. *See McGavock v. Zips Dixie Hwy,* No. 3:24-cv-1, 2024 WL 5177514, at *2 (E.D.Ky. Dec. 19, 2024); *Rachel v. United Dairy Farmers*, No. 1:12–cv–575, 2012 WL 6771836, at *5 (S.D. Ohio Nov. 13, 2012) ("[b]oth statutes provide only for injunctive relief, not damages"); *Barbosa v. American Osteopathic Bd. of Surgery*, No. 3:07–cv–338, 2008 WL 2468483, at *4 (S.D. Ohio May 23, 2008).

Further, the Court agrees with Defendant that Plaintiff has not alleged facts in her complaint sufficient to state a claim that may be remedied by way of injunctive relief under either Title II of the Civil Rights Act or Title III of the ADA, even if she sought such relief. First, while a court is to afford a plaintiff every inference in determining a motion to dismiss, a plaintiff's pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint," and allegations intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679. Here, Plaintiff asserts that Defendant must have discriminated against her on "one or more" of many bases

4

she asserts (*i.e.*, disability, race, gender, sexual orientation, and age) is purely conclusory. Her unclear reference to a single comment a waitress made about the size of her feet, is insufficient to "nudge" a claim of discrimination, on any basis, "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. She also does not allege any other facts in her complaint from which it might plausibly be inferred that she was turned away from the restaurant for any of the discriminatory reasons she asserts. Second, Plaintiff has not alleged facts sufficient to demonstrate she is subject to ongoing or imminent unlawful discrimination, which is required to sustain a claim for declaratory or injunctive relief in any case. *See Rachel*, 2012 WL 6771836, at *5 (injunctive relief is unavailable when a plaintiff alleges injury based on a past incident but fails to demonstrate continuous, ongoing discrimination).

## Conclusion

Accordingly, for all of the foregoing reasons and those stated by Defendant in its Motion to Dismiss, Defendant's Motion (Doc. No 4) is granted and Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>/s/ SOLOMON OLIVER, JR.
> SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

August 8, 2025